**Ronnie R. EWTON et al., Plaintiffs,**

v.

**The EMPLOYEES' PROFIT SHARING RETIREMENT PLAN OF HIBBARD et al., Defendants.**

**No. FL 75-242-Civ-NCR.**

United States District Court,
S. D. Florida,
Ft. Lauderdale Division.

July 9, 1976.

---

**1056**

Carlisle & Tworoger, PA., Fort Lauderdale, Fla., for plaintiffs.

Friedman & Britton, Miami, Fla., for Hibbard, and others.

Fowler, White, Burnett, Hurley, Banick & Knight, Miami, Fla., for Capital National Bank.

## ORDER

ROETTGER, District Judge.

THIS CAUSE is before the court on the motion of defendant Capital National Bank to dismiss for improper venue. Capital National Bank is a National Banking Association chartered pursuant to the National Banking Act, 12 U.S.C. § 1, et seq., and is established and located exclusively in Houston, Texas, within the Southern District of Texas. Capital National Bank has no branch, office, or employees within the Southern District of Florida, where this action has been commenced.

The instant suit was brought under the Employees Retirement Income Security Act of 1974 (E.R.I.S.A.), 29 U.S.C. § 1001, et seq. Defendant Capital National Bank's connection with this suit was to act as a trustee for the Retirement Plan and Pension Plan which are named as co-defendants.

Capital National argues that venue for actions against national banks is controlled by 12 U.S.C. § 94, which provides that:

> Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

Plaintiff argues that the venue provisions of E.R.I.S.A. are controlling. Section 1132(e)(2) of Title 29 provides that plaintiffs have their choice of commencing litigation in any judicial district in which "the plan is administered, where the breach took place, or where a defendant resides or may be found." Plaintiffs assert that when this venue provision was enacted by Congress it intended to provide the broadest range of forums to litigants seeking to enforce their rights and interests under the plans. Congress was also mindful that national banks were and would continue to act as fiduciaries of many pension and profits sharing plans, especially plans which are national, rather than local, in scope.

A similar conflict was recently considered by the Supreme Court in *Radzanower v. Touche Ross & Co.*[1] *Radzanower* involved a suit against a national banking association for violations of the Securities Exchange Act of 1934. The complaint alleged that venue was proper under § 27 of the Securities Exchange Act, 15 U.S.C. § 78aa, which provides that "[a]ny suit or action to enforce any liability or duty created [by or under the Securities Exchange Act] . . . may be brought in any such district [wherein any act or transaction constituting the violation occurred] or in the district wherein the defendant is found or is an inhabitant or transacts business . . . ." The Bank moved to dismiss on the ground that venue as to it was controlled by § 94 of the National Banking Act. The District Court granted the motion to dismiss, and the Second Circuit affirmed. The Supreme

1. —— U.S. ——, 96 S.Ct. 1989, 48 L.Ed.2d 540, 44 U.S.L.W. 4762 (1976).

Court granted certiorari because of the split among the Circuits on the question of whether the more liberal venue provisions of the Securities Acts prevail over the more stringent venue provisions in the National Banking Act. Compare, *Bruns, Nordeman & Co. v. American Nat. Bank & Trust Co.,* 394 F.2d 300 (2d Cir. 1968), and *United States Nat. Bank v. Hill,* 434 F.2d 1019 (9th Cir. 1970), with *Ronson Corp. v. Liquifin Aktiengesellschaft,* 483 F.2d 852 (3d Cir. 1973).

The Supreme Court, in an 8–1 decision, affirmed the dismissal of the Bank. The Court reasoned: "It is a basic principle of statutory construction that a statute dealing with a narrow, precise and specific subject is not submerged by a later-enacted statute covering a more generalized spectrum. 'Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.'" —— U.S. at ——, 96 S.Ct. at 1992. The Court concluded that the venue provision of the Securities Exchange Act did not act as a *pro tanto* repeal of Section 94 of the National Banking Act. The two statutory provisions were not in "irreconcilable conflict" and the later securities act does not cover the whole subject of the earlier banking act.

The issue for this court to resolve is whether the reasoning of the Supreme Court in *Radzanower* permits a different conclusion where E.R.I.S.A. is involved. When the *Radzanower* tests are applied to the instant case the conclusion is inescapable that Capital National Bank must be dismissed for improper venue. Section 502(e)(2) of E.R.I.S.A., 29 U.S.C. § 1132(e)(2), cannot be said to be in "irreconcilable conflict" with Section 94 of the Banking Act. Enforcement of some claims under E.R.I.S.A. may be made more difficult by the § 94 restriction because pension and profit sharing plans covered by E.R.I.S.A. often utilize institutional trustees. Frequently, the institutional trustee will be a bank, and in many instances a national bank. However, this difficulty in enforce-

ment does not rise to the level where it can be said that § 94 must be *pro tanto* repealed in order to make E.R.I.S.A. work. *Silver v. New York Stock Exchange,* 373 U.S. 341, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963). In addition, nothing in the legislative history of E.R.I.S.A. indicates that Congress considered the repeal of § 94 when E.R.I.S.A. was enacted. If any inconvenience does flow to E.R.I.S.A. litigants as a result of the § 94 venue restriction, Congress is the proper branch to rectify the situation, not the courts.

For the above reasons, it is

ORDERED AND ADJUDGED that the motion of defendant Capital National Bank to dismiss for improper venue is granted.