INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, et al., Plaintiffs,

v.

ALLIS-CHALMERS CORPORATION et al., Defendants.

No. 77-C-831.

United States District Court, E. D. Wisconsin.

March 8, 1978.

On Motion to Intervene March 21, 1978.

Zubrensky, Padden, Graf & Bratt, Milwaukee, Wis. by George F. Graf and James P. Maloney, Milwaukee, Wis., for plaintiffs; M. Jay Whitman, John A. Fillion, Leonard R. Page, Anne M. Trebilcock, Ralph O. Jones and Alan V. Reuther, Detroit, Mich., of counsel.

Quarles & Brady, Milwaukee, Wis. by David E. Jarvis & Mary Pat Koesterer, Milwaukee, Wis., for defendants; Vedder, Price, Kaufman & Kammholz, Chicago, Ill. by Theophil C. Kammholz, John J. Cassidy, Jr., Richard H. Schnadig, and Thomas L. O'Brien, Chicago, Ill., of counsel.

Gibbs, Roper, Loots & Williams by Clay R. Williams, Milwaukee, Wis., McDermott, Will & Emery by Joseph P. Mulhern, George W. Moehlenhof, Wilbur H. Boies and John M. Eckel, Chicago, Ill., for Siemens-Allis, Inc.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In this action, the plaintiffs contend that a joint venture agreement between the defendant Allis-Chalmers Corporation and the German corporation Siemens, A.G., violates provisions of pension and unemployment benefits agreements and plans to which the plaintiff U.A.W. and the defendant Allis-Chalmers are parties. In addition, the plaintiffs contend that aspects of the joint venture agreement violate the Employee Retirement Income Security Act of 1974 (ERISA), the Securities Act of 1933, and the Securities Exchange Act of 1934.

The plaintiffs filed a motion for a preliminary injunction. Following a non-evidentiary hearing on January 4, 1978, I signed

an order on January 10, 1978, which restrains the defendants from transferring assets from the Allis-Chalmers Corporation Retirement and Pension Plan and fund and the Allis-Chalmers Corporation Supplemental Unemployment Benefits (SUB) Plan and fund to any successor plans and funds, and from refusing to administer those plans in the manner prevailing prior to January 1, 1978, absent the plaintiffs' consent. I also directed the parties to serve and file briefs on the plaintiffs' motion and to submit their written views on the "propriety and necessity" of holding an evidentiary hearing on that motion. These submissions have been filed.

In addition, the plaintiffs have filed a motion to disqualify counsel for the defendant Allis-Chalmers from continuing to represent the defendants First National Bank of Chicago and Harris Trust & Savings Bank in this action. The First National Bank of Chicago has moved to dismiss this action as to it pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure, on the ground of improper venue.

I believe that an evidentiary hearing should be held on the plaintiffs' motion for a preliminary injunction. The motion of the First National Bank to dismiss will be granted, but the plaintiffs' motion to disqualify counsel will not be granted.

## I. MOTION FOR PRELIMINARY INJUNCTION

The plaintiffs allege, and Allis-Chalmers acknowledges, that Allis-Chalmers announced its intention to form a new corporation with Siemens, A.G., to be known as Siemens-Allis, Inc., and to transfer all assets and operations of the Allis-Chalmers electrical products group to the new corporation. Allis-Chalmers and Siemens-Allis executed an agreement providing that as of January 1, 1978, all assets and liabilities attributable to the affected employees would be transferred from the Allis-Chalmers pension and SUB plans and funds to Siemens-Allis pension and SUB plans and funds. According to the plaintiffs, this transfer contravenes the provisions of a collective bargaining agreement in effect between the UAW and Allis-Chalmers, as well as certain provisions of ERISA and federal securities law.

The motion for a preliminary injunction is addressed to counts II and III of the complaint. Count II charges, generally, that the transfer of assets and liabilities from the Allis-Chalmers pension and SUB plans and funds to Siemens-Allis pension and SUB plans and funds violates the Allis-Chalmers plans. In particular, the plaintiffs point to § 10.3.7 of the Allis-Chalmers pension plan, which provides in part that·

"Any . . . transfer of assets or liabilities of the Plan to or from any other plan after September 2, 1974, shall be permitted hereunder only if each Participant in the Plan would (if the Plan then terminated) receive a benefit immediately after the . . . transfer which is equal to or greater than the benefit he would have been entitled to receive immediately before the . . . transfer (if the Plan had then terminated)."

The transferor SUB plan assertedly makes no provision for the transfer of SUB plan fund assets while the SUB agreement is in effect.

The transfer of assets and liabilities is claimed to violate the Allis-Chalmers pension and SUB plans because the Siemens-Allis transferee plans are smaller and less secure than the Allis-Chalmers transferor plan.

Count III charges, generally, that the transfer of assets and liabilities outlined above contravenes §§ 208, 404, 405(a), and 410 of ERISA (29 U.S.C. §§ 1058, 1104, 1105(a), and 1110, respectively). Section 1058 proscribes transfers of assets and liabilities of one pension plan to another pension plan unless the participants in the plan would receive benefits immediately after the transfer, if the plan then terminated, which would be equal to or greater than the benefits they would have received immediately prior to the transfer, if the plan had then terminated. Sections 1104 and 1105(a) set forth the duties of fiduciaries of employee benefit plans, and § 1110 declares void as against public policy any provision

of an agreement which relieves a fiduciary of his statutory responsibilities and liabilities. All of the defendants, with the exception of the two employee benefit plans themselves, are allegedly fiduciaries of the Allis-Chalmers pension and SUB plans, within the meaning of the relevant provisions of ERISA. The defendants have assertedly violated their alleged fiduciary duties by permitting a transfer of assets and liabilities to the Siemens-Allis plans. That transfer is alleged to be, among other things, contrary to the interests of the Allis-Chalmers plan participants and inconsistent with the plan documents.

■ The plaintiffs have the burden of demonstrating on this motion that (1) they have a reasonable likelihood of success on the merits of the claims set forth in counts II and III; (2) they will suffer irreparable harm absent an injunction; (3) the harm they will suffer if an injunction is denied is greater than the harm the defendants will suffer if an injunction is granted; and (4) the public interest will be served by granting the relief sought. Fox Valley Harvestore v. A. O. Smith Harvestore, 545 F.2d 1096 (7th Cir. 1976).

■ The defendants contend that the plaintiffs do not have a reasonable likelihood of success on the merits of count II because they "are attempting to characterize an alleged . . . breach of the provisions of collective bargaining agreements as a claim cognizable under ERISA. . . ." Section 502 of ERISA, 29 U.S.C. § 1132(a)(1)(B), authorizes a participant or beneficiary of a plan to bring a civil action to enforce his rights under the terms of that plan. Moreover, one of the stated purposes of ERISA is to provide "ready access to the Federal courts." 29 U.S.C. § 1001(b). I believe, therefore, that the allegations of count II do set forth a claim cognizable under ERISA.

■ I likewise am unable to accept the defendants' argument that the allegations of count III state, on their face, no claim for violation of the appropriate provisions of ERISA.

An evidentiary hearing will be held on the plaintiffs' motion on Friday, March 17, 1978, at 10:00 A.M. At this hearing, the plaintiffs will have the burden of demonstrating that the prerequisites to the granting of preliminary injunctive relief are satisfied as to the allegations of counts II and III of the complaint. I exhort counsel to focus their evidentiary and oral presentations on the limited issues involved on this motion. Counsel are invited, but not required, to submit additional memoranda prior to the hearing directed to the prerequisites for preliminary injunctive relief. I am particularly interested in counsels' views on the standards to be applied in determining whether the Siemens-Allis plans may be smaller and less secure than the Allis-Chalmers plans; whether the claimed fiduciary defendants may be fiduciaries, and, if so, whether violations of fiduciary duty may have occurred.

The order entered on January 10, 1978, will remain in effect until further order of this court.

## II. MOTION TO DISMISS FOR IMPROPER VENUE

The defendant First National Bank of Chicago has moved to dismiss this action against it, urging that under 12 U.S.C. § 94, which is part of the National Bank Act, an action against a national bank may be brought only in the district where the bank is "established." The affidavit of the bank's secretary accompanying the motion states that the First National Bank of Chicago is located, and has its principal office, in Chicago, Illinois.

The bank has been named in counts I, II and III of the complaint. Venue in count I is allegedly based on 28 U.S.C. § 1391 and 29 U.S.C. § 185, and venue in counts II and III is allegedly founded on 29 U.S.C. § 1132(e).

In *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153–4, 96 S.Ct. 1989, 1992, 48 L.Ed.2d 540 (1976), the Supreme Court stated that "a statute dealing with a narrow, precise, and specific subject is not submerged by a later-enacted statute covering

a more generalized spectrum" unless a "clear intention otherwise" on the part of Congress may be discerned. In that case the Court held that the narrow and precisely drawn venue statute, 12 U.S.C. § 94, in the National Bank Act, should be applied instead of the broader venue provision, 15 U.S.C. § 78aa, of the Securities Exchange Act of 1934, in an action brought against a national bank under certain federal securities laws.

The plaintiffs assert that the First National Bank is a necessary party to the claim asserted in count I, under Rule 19, Federal Rules of Civil Procedure. Even assuming the bank is a necessary party, it still may be dismissed from this action if there is merit to its venue objection. With respect to counts II and III, the plaintiffs urge that the venue provision, 29 U.S.C. § 1132(e), contained in ERISA, should supplant the earlier venue provision of the National Bank Act. 29 U.S.C. § 1132(e)(2) provides that in an action under ERISA venue lies "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." If that provision were applied, venue would be proper as to the bank in this district. If the venue provision of the National Bank Act were applied, venue as to the bank would be proper only in the northern district of Illinois.

In *Radzanower*, the Supreme Court found in the Securities Exchange Act no clear intention to work a repeal pro tanto of 12 U.S.C. § 94. The Court concluded that requiring suit against a national bank to be maintained in the district where it is established would not unduly interfere with the commencement of actions under the federal securities law. National banks were characterized as a "narrow and infrequent category of defendants" under the Securities Exchange Act. 426 U.S. at 156, 96 S.Ct. at 1994. Moreover, the Court noted that it had been cited no instance where federal securities litigation was hindered by the inability of the Securities Exchange Commission to sue all defendants, including national banks, in one proceeding. 426 U.S. at 156, n.12, 96 S.Ct. at 1994, n.12.

The plaintiffs urge that, in contrast to the Securities Exchange Act, Congress must have recognized national banks to be a frequent and likely category of defendants under ERISA, since banks often operate as trustees of private pension plans. In the plaintiffs' view, "the venue provision set forth in 29 U.S.C. § 1132(e)(2) is necessary in order to make ERISA work."

■ The plaintiffs have not succeeded in demonstrating to me a "clear intention" on the part of Congress to supplant ERISA's venue provision for that of the National Bank Act. Apart from the question of whether national banks are frequently trustees of the plans that ERISA regulates, the plaintiffs, like the SEC in *Radzanower*, have failed to show that application of the National Bank Act venue provision to actions based on ERISA will hinder litigation under ERISA by a plaintiff's inability to sue all defendants, including the banks, in a single proceeding. I therefore conclude that the venue provision set forth in 12 U.S.C. § 94, and not that set forth in 29 U.S.C. § 1132(e), should be applied to the First National Bank as to counts II and III. Another federal district court has reached a similar conclusion. *Ewton v. Employees' Profit Sharing Plan of Hibbard*, 416 F.Supp. 1055 (S.D.Fla.1976). It follows that counts II and III should be dismissed as to the movant bank, since it must be sued in the district where it is established, i. e. the northern district of Illinois.

■ Because I believe that under *Radzanower* the same result should obtain as to count I, the motion of the defendant First National Bank of Chicago to dismiss this action as to it will be granted.

### III. MOTION TO DISQUALIFY COUNSEL

The plaintiffs have moved to disqualify counsel for the defendant Allis-Chalmers from representing the defendants First National Bank of Chicago and Harris Trust & Savings Bank. The plaintiffs urge that Allis-Chalmers and the banks should not be

represented by the same counsel, on the ground that a conflict of interest will arise from the asserted statutory obligation of one co-fiduciary to the transferor plans, i. e. one of the banks, to "blow the whistle" on a perceived violation of fiduciary duty by another co-fiduciary, i. e. Allis-Chalmers.

This motion is obviously moot as to the defendant First National Bank of Chicago, since this action will be dismissed as to it.

The plaintiffs contend that if Allis-Chalmers and the Harris Trust & Savings Bank are not required to employ independent counsel, the asserted purpose of ERISA, namely to require fiduciaries to act for the benefit of plan beneficiaries and participants, and independently of other fiduciaries, will be disserved. In addition, the plaintiffs suggest that multiple representation is unethical under disciplinary rule 5–105 of the code of professional responsibility.

The Harris bank has submitted an affidavit from one of its trust officers, indicating its awareness of the multiple representation and stating that after reviewing this action with its legal department, the bank has determined that counsel for Allis-Chalmers would be able to exercise independent professional judgment on the Harris bank's behalf. Although the affidavit does not state that counsel for Allis-Chalmers made full disclosure of the possible effect of its multiple representation [see disciplinary rule 5–105(C)], the bank apparently did make its own review of and conclusion on the ramifications of retaining counsel which already represents Allis-Chalmers.

I cannot accede to the plaintiffs' demand that counsel be disqualified from further representation of the Harris bank. I am unconvinced that such counsel will be unable to employ independent judgment on behalf of each client. On the present record, there is no reason to believe that the purposes of ERISA will not be served by such representation. The plaintiffs' motion will therefore be denied.

Therefore, IT IS ORDERED that an evidentiary hearing will be held on the plaintiffs' motion for a preliminary injunction on March 17, 1978, at 10:00 A.M.

IT IS ALSO ORDERED that the motion of the defendant First National Bank of Chicago to dismiss this action as to it on the ground of improper venue be and hereby is granted.

IT IS FURTHER ORDERED that the plaintiffs' motion to disqualify counsel for the defendant Allis-Chalmers Corporation from continuing to represent the defendants First National Bank of Chicago and Harris Trust & Savings Bank in this action be and hereby is dismissed as moot as to the defendant First National Bank of Chicago and denied as to the defendant Harris Trust & Savings Bank.

### ON MOTION TO INTERVENE

Siemens-Allis, Inc. has filed a motion for leave to intervene as a defendant in this action, pursuant to Rule 24, Federal Rules of Civil Procedure. The defendant Allis-Chalmers Corporation does not oppose the motion, but the plaintiffs do. I believe that the motion to intervene should be granted.

Counts I, II and III of the complaint in this action allege that an agreement made by the defendant Allis-Chalmers and Siemens-Allis violates the Employees' Retirement Income Security Act (ERISA), as well as the provisions of pension and supplemental unemployment benefits (SUB) agreements and plans and certain working agreements in effect between the United Auto Workers (UAW) and Allis-Chalmers. The plaintiffs contend that the agreement executed by Allis-Chalmers and Siemens-Allis contemplates that the assets, liabilities, and obligations attributable to current and past employees at affected Allis-Chalmers facilities will be transferred from the Allis-Chalmers pension and SUB plans and funds to Siemens-Allis pension and SUB plans and funds.

Siemens-Allis urges that it is entitled to intervene in this action, pursuant to Rule 24(a)(2), which provides:

"Intervention of Right. Upon timely application anyone shall be permitted to

intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The plaintiffs claim that Siemens-Allis should not be allowed to intervene as a defendant in this action because (1) its motion is untimely; (2) its motion should be addressed to the court of appeals for this circuit; (3) alleged violations of the agreements and plans in effect between UAW and Allis-Chalmers and breaches of fiduciary obligation are the subjects of this action, and Siemens-Allis is neither a party to those agreements and plans nor a fiduciary with respect to them; and (4) any interest Siemens-Allis may have in this action is adequately represented by the defendant Allis-Chalmers. In my opinion, none of these arguments is sufficiently cogent to outweigh the movant's interest in this matter and its right to protect such interest.

■ The timeliness of a motion to intervene under Rule 24 "is a matter committed to the discretion of the trial court, . . . ." *United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 115 (8th Cir. 1976). This action is still in its early stages, having been filed on December 29, 1977. Thus, from the standpoint of chronology, the motion of Siemens-Allis may not be considered untimely. I cannot subscribe to the plaintiffs' contention that the motion must be deemed untimely on the ground that an order has been entered granting the plaintiffs a preliminary injunction and that the defendants have appealed that order to the court of appeals for this circuit. It appears that further proceedings may be held regarding that preliminary injunction, both in the court of appeals and in this court. The application of Siemens-Allis to participate as a party in any further proceedings in this court is not, in my opinion, an impermissibly tardy one.

The plaintiffs urge that Siemens-Allis desires to intervene in this action in order to participate in the proceedings currently pending in the court of appeals and that its motion should therefore be addressed to that court, not to this one. The plaintiffs' position cannot be sustained because, as indicated in its reply brief on this motion, Siemens-Allis seeks an opportunity to participate in all aspects of the action pending in this court as well.

■ A reading of the allegations of counts I through III of the complaint belies the plaintiffs' suggestion that this action is concerned only with agreements and plans with which Siemens-Allis has no connection. As summarized above, these counts charge that violations, both of contracts between Allis-Chalmers and UAW, and of ERISA, have resulted from an agreement executed by Allis-Chalmers and Siemens-Allis. Since the complaint draws into question the viability of an agreement to which Siemens-Allis is a party, I believe that Siemens-Allis may properly interpose "an interest relating to the . . . transaction which is the subject of the action . . . ." under Rule 24(a)(2). It is equally apparent that the eventual disposition of the action might impair Siemens-Allis' ability to protect its interest in the agreement which it has undertaken with Allis-Chalmers.

Finally, the plaintiffs believe that such interest as Siemens-Allis may have in this action is adequately represented by the defendant Allis-Chalmers. In this regard, the plaintiffs urge that "Siemens-Allis is nothing more than the alter ego of Allis-Chalmers—that is, they [sic] are Allis-Chalmers." The plaintiffs also assert that Siemens-Allis' proposed answer to the complaint contains "no new defenses or claims which have not previously been asserted by Allis-Chalmers Corporation."

I find it unnecessary to engage in an extended exploration of the relationship between Siemens-Allis and Allis-Chalmers in order to resolve the instant motion. Although the perspectives of Siemens-Allis and Allis-Chalmers may be parallel at some points, they certainly have the potential for

divergence. The two corporations are parties to an agreement whose consummation has been drawn into question by allegations regarding other assertedly conflicting contractual arrangements in which only one of them—namely Allis-Chalmers—is involved. I am unable to conclude that in the future course of this lawsuit the interests of Allis-Chalmers will always be identical to, or in harmony with, those of Siemens-Allis.

After reviewing the answer of Allis-Chalmers and the proposed answer of Siemens-Allis, I find support for the possibility that the two corporations will adopt different responsive postures to the issues raised in the complaint.

For all of these reasons I conclude that Siemens-Allis is entitled to intervene as a defendant in this action pursuant to Rule 24(a)(2).

Therefore, IT IS ORDERED that the motion of Siemens-Allis, Inc. for leave to intervene as a defendant in this action be and hereby is granted.