**James E. BOYER, Plaintiff,**

v.

**J. A. MAJORS COMPANY EMPLOYEES' PROFIT SHARING PLAN; J. A. Majors Company, John A. Majors, Jr., William Majors, James P. Rogers, Individually and as Administrators of the J. A. Majors Company Employees' Profit Sharing Plan; Republic National Bank of Dallas as Trustee of J. A. Majors Company Employees' Profit Sharing Plan, Defendants.**

**Civ. A. No. C79–320A.**

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 10, 1979.

Edward J. Bauer, Decatur, Ga., for plaintiff.

Aubrey L. Coleman, Jr., Smith, Currie & Hancock, Atlanta, Ga., for Republic Nat. Bank Dallas.

Dean Booth, William H. Boice, L. Dale Owens, Seward & Kissel, Atlanta, Ga., for J. A. Majors Co., Emp. Profit Sharing Plan, J. A. Majors Co., John A. Majors, Jr., William Majors, James P. Rogers.

## ORDER

TIDWELL, District Judge.

The above-styled action has been brought under the provisions of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA" or "the Act"), 29 U.S.C. § 1001 et seq. The plaintiff is claiming certain benefits allegedly due and owing him under the J. A. Majors Company Employees' Profit Sharing Plan. Several motions are presently pending. The Republic National Bank of Dallas has filed a motion to dismiss. Defendants J. A. Majors Company Employees' Profit Sharing Plan, J. A. Majors Company, John A. Majors, Jr., William Majors, and James P. Rogers have filed a motion to dismiss or to transfer for lack of proper venue. Defendant J. A. Majors Company (hereinafter "the Company") has further moved that it be dismissed entirely from the action. The Court will first consider the motion to dismiss filed by the defendant Republic National Bank of Dallas (hereinafter referred to as the "trustee bank" or "the bank").

## I. THE BANK'S MOTION TO DISMISS

The plaintiff has invoked the jurisdiction of this Court in accordance with 29 U.S.C. § 1132(e)(1). The corresponding venue provision is found at 29 U.S.C. § 1132(e)(2), and reads as follows:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

The trustee bank has moved the Court to dismiss the action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure on the ground that venue is improper in the Northern District of Georgia. The bank alleges that it is a national bank chartered under the provisions of the National Banking Act, 12 U.S.C. § 1 et seq., and therefore contends that venue, as to it, is controlled exclusively by 12 U.S.C. § 94. That Code section provides the following:

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the

United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

In support of its motion, the bank has filed the affidavit of Robert G. McKenzie, one of its Senior Vice Presidents, which states that neither the bank, nor its parent holding company, the Republic of Texas Corporation, nor any affiliate of either entity, maintains an office or has any officers or employees resident in the State of Georgia. The plaintiff does not contest the bank's assertion that it is established and located in Dallas, Texas (within the Northern District of Texas), but he contends that the bank waived the protective venue provision found at 12 U.S.C. § 94 when it accepted the position of trustee for the J. A. Majors Company Profit Sharing Plan. Accordingly, the plaintiff argues that venue as to the bank is properly controlled by 29 U.S.C. § 1132(e)(2).

Although the Fifth Circuit Court of Appeals has not addressed this specific issue, two recent district court cases have held that as to national banks involved in ERISA suits, the venue provision found in the National Banking Act prevails over 29 U.S.C. § 1132. In *Ewton v. Employees' Profit Sharing Retirement Plan of Hibbard,* 416 F.Supp. 1055 (S.D.Fla.1976), the district court cited the United States Supreme Court's decision in *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). *Radzanower* held that in a suit brought against a national banking association for violations of the Securities Exchange Act of 1934, the venue provisions of the 1934 Act must give way to 12 U.S.C. § 94. The Supreme Court stated: "It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." 426 U.S. at 153, 96 S.Ct. at 1992. Accordingly, the Florida district court in *Ewton* dismissed the action as to the defendant national bank (which was established and located exclusively in Hous-

ton, Texas), holding that "[i]f any inconvenience does flow to E.R.I.S.A. litigants as a result of the § 94 venue restriction, Congress is the proper branch to rectify the situation, not the courts." 416 F.Supp. at 1057. A similar result was reached in *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Allis-Chalmers Corp.,* 447 F.Supp. 766 (E.D.Wisc.1978), where the decision was again based on the holding in *Radzanower.* This Court finds the reasoning of the above-cited cases to be persuasive, and therefore concludes that venue in the Northern District of Georgia is improper as to the Republic National Bank of Dallas.

## II. THE COMPANY'S MOTION TO DISMISS

Defendant J. A. Majors Company has moved that it be dismissed entirely from the action, inasmuch as it contends that it was not an administrator of the profit sharing plan (hereinafter "the Plan"), and so is not a proper defendant under ERISA. The plaintiff contends that the Company is a proper party defendant for various reasons, including the following: the Company is a "party in interest", as defined in 29 U.S.C. § 1002(14)(C); it was the Plan's "administrator" as defined in 29 U.S.C. § 1002(16)(A)(ii); it was a "named fiduciary" in accordance with 29 U.S.C. § 1102(a)(1); and it assumed the role of a co-fiduciary in that it controlled the Plan.

When the plaintiff's employment was terminated on April 30, 1976, the Company's profit sharing plan was set forth in a document entitled "J. A. Majors Company Employees' Profit Sharing Trust", which had been executed on February 13, 1961 by the Company and the Exchange Bank & Trust Company (a Dallas bank which was the designated trustee at that time). According to this document, the responsibility for administration of the Plan was vested in a Profit Sharing Committee (hereinafter "the Committee") appointed by the Board of Directors of the Company. That the Commit-

tee had broad powers in administering the Plan is shown in paragraph 2.5 of the plan document, which reads as follows:

> Any and all disputes which may arise involving Participants, Former Participants, Beneficiaries and/or the Trustee shall be referred to the Committee and its decision shall be final. Furthermore, if any question arises as to the meaning, interpretation or application of any provision hereof, the decision of the Committee with respect thereto shall be final.

The Court has before it excerpts (verified by affidavit) from the minutes of Company board meetings held in 1975 and 1976, at which times the members of the Profit Sharing Committee were elected. Thus the evidence is uncontroverted that the Committee was a viable, operating entity which, together with the trustee bank, was wholly responsible for administering the profit sharing plan. With the foregoing in mind, the Court now turns to the plaintiff's contentions regarding the status of the Company as a proper party defendant.

Under 29 U.S.C. § 1002(14)(C), the term "party in interest" is defined to include "an employer any of whose employees are covered by such [an employee benefit] plan". However, this definitional section alone does not adequately support the proposition that a party in interest is necessarily a proper party defendant, for even a relative of an employer or the employee himself is a "party in interest" under this section. 29 U.S.C. § 1002(14)(F), (H). The plaintiff has attempted to cure this deficiency by asserting that the Company is the "administrator" of the Plan as well. As defined by ERISA, the term "administrator" means "the person specifically so designated by the terms of the instrument under which the plan is operated", and only if an administrator is not so designated is the "plan sponsor" (the employer) deemed to be the administrator. 29 U.S.C. § 1002(16). As has been previously discussed, under the terms of the profit sharing agreement in effect at the time the plaintiff was terminated, the Profit Sharing Committee was the administrator of the Plan, and the Committee was an entity separate from the Company.

The plaintiff has also alleged that the Company is a "named fiduciary", and so is a proper party defendant in this suit. According to 29 U.S.C. § 1102(a)(1), the "named fiduciaries . . . jointly or severally shall have authority to control and manage the operation and administration of the plan." Since the Plan was managed and controlled exclusively by the Committee and the trustee bank, the Company was not a named fiduciary under the Act. In summary, then, there is no evidence that the Company controlled the Plan or had anything to do with its administration. This being the case, the Company is not a proper party defendant in this ERISA action and its motion to dismiss is granted. See Barrett v. Thorofare Markets, Inc., 452 F.Supp. 880 (W.D.Pa.1978); Carter v. Montgomery Ward and Co., 76 F.R.D. 565 (E.D. Tenn.1976).

### III. THE REMAINING DEFENDANTS

The question remains as to whether venue is proper as to the other defendants. The Plaintiff has alleged that the J. A. Majors Company Employees' Profit Sharing Plan "resides" in the Northern District of Georgia. Although the Plan is an entity which may sue or be sued under 29 U.S.C. § 1132(d)(1), to say that it "resides or may be found" in Georgia since it is "doing business" there is too strained an analogy. The correct ERISA venue provision, as regards the Plan, is "the district where the plan is administered". 29 U.S.C. § 1132(e)(2). The plaintiff also claims that the Plan was administered in this district on the basis of the following events which occurred in Georgia: conversations were held between members of the Committee and the plaintiff concerning his pension rights; a stop payment order was issued on a pension check which had been mailed to the plaintiff and deposited in his local bank; and the records which affected his rights, liabilities and benefits originated here. The Court concludes that these facts are insufficient to support the contention that the Plan was administered in Georgia, inas-

much as records were kept, funds were deposited, and all other administrative actions were taken by the Committee and the trustee bank in Texas.

 The plaintiff also claims that the defendants breached the Plan in Georgia when the trustee bank issued a stop payment order on a check it had sent to the plaintiff drawn on the account of the J. A. Majors Co. Profit Sharing Plan. This assertion is clearly untenable. The stop payment order was issued by the trustee bank in Texas, and the breach, if any, occurred when the Committee instructed the trustee bank to take such action. That decision was made in Texas, where the Plan was administered. The plaintiff's reliance on 28 U.S.C. § 1391 (the general federal venue statute) and 28 U.S.C. § 1404 (change of venue for the convenience of the parties) is also misplaced, since it is ERISA's special venue provision, 29 U.S.C. § 1132(e)(2), which controls the issue as to whether venue is proper in this case. Since the Northern District of Georgia is not the district where the plan is or was administered, where the breach took place, or where a defendant resides or may be found (other than the Company, which has now been dismissed as a defendant), the Court concludes that venue is improper as to all remaining defendants.

### IV. CONCLUSION

Since venue has been laid on the wrong district, the Court has the option of either dismissing the case or transferring it to the district "in which it could have been brought." 28 U.S.C. § 1406(a). It appears that venue would be proper as to all of the parties in the Northern District of Texas. Accordingly, the action shall be transferred to that district.

In summary, then, for the reasons given in Part II of this order, the motion to dismiss of defendant J. A. Majors Company is hereby granted and sustained. The motions to dismiss filed on behalf of all of the other defendants are hereby overruled and denied. It is further ordered that Civil Action No. C79–320A be, and hereby is, transferred to the United States District Court for the Northern District of Texas, for such further proceedings as that court deems proper. Title 28, United States Code, § 1406(a).

The Clerk is directed to mail certified copies hereof to the plaintiff and all of the defendants, and shall forthwith mail all of the files in Civil Action No. C79–320A to the Clerk of the United States District Court for the Northern District of Texas.