**Steve RANSOM, Plaintiff,**

v.

**The ADMINISTRATIVE COMMITTEE FOR LIGHTNET/WTG SPECIAL INCOME PROTECTION PROGRAM, Defendant.**

Civ. No. 1:92–CV–320–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 29, 1993.

---

8. *Vernon v. FDIC,* 981 F.2d 1230, 1234 (11th    Cir.1993) (*"Vernon II"*).

John Walton Henderson, Jr., David Kevin Wheeler, Moffett & Henderson, Lorraine Ruth Silvo, Manely & Silvo, Henry Brian Sams, Belcher, Pakchar & Sams, Atlanta, GA, for plaintiff.

James J. Thomas, II, Long, Aldridge & Norman, Atlanta, GA, Mary J. Rounds, Lester, Bryant, Solano & Ganz, Tulsa, OK, for defendant.

## ORDER

CARNES, District Judge.

This case is presently before the Court on plaintiff's motion to amend his complaint [# 10–1] and defendant's motion to dismiss or to transfer venue. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, denies plaintiff's motion to amend and denies defendant's motion to transfer venue.

### A. *Factual Background*

Plaintiff, Steve Ransom, was an employee of defendant Lightnet, and as a result of a merger between Lightnet and defendant Williams Telecommunications Group ("WTG"), became an employee of WTG. Plaintiff claims that under the Lightnet/WTG Special Income Protection Program ("SIPP"), he was entitled to receive full severance pay upon completion of service with WTG and that he has not received these benefits. The original complaint alleges two counts: (1) wrongful denial of benefits under plan and (2) breach of contract.

In its order of January 6, 1993, the Court granted defendants' motion to dismiss the corporate defendants and granted defendants' motion to dismiss plaintiff's breach of contract claim. The Court deferred ruling on defendants' motion to dismiss for lack of venue.

### B. *Discussion*

1. Plaintiff's Motion to Amend his Complaint

In the January 6 order, the Court allowed plaintiff ten days to move to amend his complaint in order to allege facts that would support a theory of recovery against the

corporate defendants. Plaintiff has moved to amend his complaint, and he seeks to add two new claims against the original defendants—one claim based upon fraudulent misrepresentation and one claim based upon promissory estoppel. Defendant objects to plaintiff's amended complaint, because defendant asserts that both claims are preempted by the Employee Retirement Income Security Act ("ERISA") and plaintiff's amendment would be futile.

Section 514(a) of ERISA, 29 U.S.C. § 1144(a), preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. *Williams v. Wright*, 927 F.2d 1540, 1549 (11th Cir.1991). For example, if state law claims arise out of the "administration of benefits" under a covered plan, ERISA preempts the claims. *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1564 (11th Cir.1987). The Eleventh Circuit and other circuits have "uniformly held that state law challenges to the denial of benefits under an employee benefit plan are preempted." *Id.*

a. Fraudulent Misrepresentation Claim

■ Plaintiff asserts that his superiors fraudulently misrepresented the benefits he would receive and that he relied upon the misrepresentations. In *Sanson v. General Motors Corp.*, 966 F.2d 618 (11th Cir.1992), the Eleventh Circuit held that ERISA preempts a state law fraudulent misrepresentation claim based on reasonable reliance that causes a person a loss of benefits that would have been received under a special early retirement program. Plaintiff's fraudulent misrepresentation claim, therefore, is preempted by ERISA. Because ERISA preempts plaintiff's claim, it would be futile to allow plaintiff to amend his complaint. *See id.* Accordingly, the Court denies plaintiff's motion to add the fraudulent misrepresentation claim.

b. Promissory Estoppel Claim

■ Defendant also maintains that ERISA preempts plaintiff's promissory estoppel claim. In his complaint, plaintiff alleges that under the terms of defendants' severance plan ("SIPP"), plaintiff would have been entitled to receive full severance benefits upon

completion of service with defendant up to an established warn date. Plaintiff contends that his superiors Robert Wittenstein and Larry Perry told plaintiff that they would waive his separation date so that he could accept employment elsewhere prior to the separation date. He claims that he acted in reliance on their representations when he tendered his resignation at WTG.

Because ERISA preempts all state law common law claims relating to employee benefit plans, the Court must look to federal common law of equitable estoppel to determine if plaintiff's claim is futile. *Novak v. Irwin Yacht and Marine Corp.*, 986 F.2d 468 (11th Cir.1993). The Eleventh Circuit explained that "equitable estoppel is not available to plaintiffs in cases involving oral amendments to or modifications of employee benefit plans governed by ERISA because ERISA specifically addresses those issues." *Id.* (quoting *Kane v. Aetna Life Ins.*, 893 F.2d 1283 (11th Cir.1990)). Equitable estoppel applies, however, when the alleged representations were interpretations, not modifications, of the plan. In order for a representation to be an interpretation of a plan, the relevant provision of the plan must be ambiguous. *Id.*

In *Kane v. Aetna Life Ins.*, 893 F.2d 1283 (1990), the Eleventh Circuit considered a case in which an insured called her insurance company to ascertain whether a baby she was seeking to adopt would be covered by her health insurance policy. The company construed a term in the policy and informed the insured that the baby would be covered. The court held that because the company had interpreted the policy, the company was equitably estopped from denying coverage for the child later. *Kane*, 893 F.2d at 1286.

Here, plaintiff states that the plan entitled him to receive full severance benefits upon completion of service with defendant up to an established "warn" date. He contends that his superiors waived the requirement to work until the separation date named in the written plan. His claims do not show that his superiors interpreted the plan for him; instead, he alleges that they changed the plan's requirements.

Equitable estoppel, however, is not available to plaintiffs concerning oral modifications of employee benefit plans. *Novak*, at 472. Thus, plaintiff has not stated an adequate estoppel claim in his proposed amended complaint. The Court holds that plaintiff's proposed amendment would be futile and, accordingly, the Court holds that it should deny plaintiff's motion to amend the complaint.[1]

### 2. Defendant's Motion to Dismiss for Lack of Venue

■ The Court must next determine if it has venue over the remaining defendant, the Administrative Committee. Plaintiff brought his ERISA claim pursuant to 29 U.S.C. § 1132(a)(1)(B). Defendant alleges that venue in the Northern District of Georgia is not proper. Plaintiff contends that venue is proper, because plaintiff worked for WTG in the Northern District of Georgia and accrued benefits under the plan while he worked in the Northern District of Georgia.

Defendant asserts that the applicable ERISA venue section is § 1132(e)(2) that provides:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found ...

29 U.S.C. § 1132(e)(2) (1985). Defendant claims that venue is not proper under any of the prongs of the statute. Defendant first contends that the plan was administered only in Oklahoma. Additionally, defendant asserts that any alleged breach took place in Oklahoma and that defendant may not be "found" in Georgia.

Defendant cites a Northern District of Georgia case, *Boyer v. J.A. Majors Co. Em-ployees' Profit Sharing Plan*, 481 F.Supp. 454 (1979) (Tidwell, J.) to support his contention that venue is improper. In *Boyer*, the Georgia plaintiff argued that the out-of-state plan was administered in Georgia because conversations were held between members of the Committee and the plaintiff concerning his pension rights, a stop payment order was issued on a pension check which had been mailed to the plaintiff and deposited in his local bank, and the records which affected his rights, liabilities and benefits originated in Georgia.[2] The court held that the plan was not administered in Georgia because the records were kept, funds were deposited, and all other administrative actions were taken by the Committee in Texas. *Boyer*, 481 F.Supp. at 458. The court also held the stop payment on the check in Georgia did not constitute a "breach" in Georgia. Finally, the court held that to find the plan "resides or may be found" in Georgia since it is "doing business" was "too strained an analogy." *Id.* at 459.

Many courts, however, have followed the Ninth Circuit's reasoning in *Varsic v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 607 F.2d 245 (1979), that the word "found" should be liberally construed. *E.g., Wallace v. American Petrofina, Inc.*, 659 F.Supp. 829 (E.D.Tx.1987); *McFarland v. Yegen*, 699 F.Supp. 10 (D.N.H.1988). In *Varsic*, the Ninth Circuit noted that courts have construed the term "found" liberally when the word was used in other venue provisions, such as the copyright and federal antitrust venue provisions. *Varsic*, 607 F.2d at 248. The court concluded that "found" as used in section 1132(e)(2) has the same application as it does in cases involving the antitrust and copyright venue provisions. Therefore, the court held that, if personal jurisdiction is properly asserted over the defendant in a district, the defendant is "found" there. *Id.*

---

1. Plaintiff, thus, has no remaining claims against the corporate defendants, because the Court dismissed the claims against the corporate defendants in the original complaint and now denies plaintiff's motion to amend. In its January 6 order, the Court allowed plaintiff to file a motion to amend the complaint to bring the appropriate claims against the corporate defendants. If the facts warranted such a claim, plaintiff should have asserted a claim against the corporate defendants under ERISA and shown that the corpo-rate defendants were administrators of the plan. In the proposed amended complaint, however, plaintiff attempts to bring claims that are preempted by ERISA and the Court must deny plaintiff's motion to amend.

2. Plaintiff in *Boyer* did not work in the Northern District of Georgia or earn his pension credits here.

The *Varsic* court then analyzed its personal jurisdiction over the defendant under the minimum contacts test set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The court concluded that personal jurisdiction over an employee benefit fund is proper in a district where covered employees perform their work and earn their pension credits. *Varsic*, 607 F.2d at 250.

Section 1001(b) of Title 29 declares that it is "the policy of this chapter to protect ... the interests of participants in employee benefit plans and their beneficiaries ... by providing ... ready access to the federal courts." 29 U.S.C. § 1001(b) (1985). Moreover, Congress intended ERISA "to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities." *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520 (11th Cir.1987) (quoting, H.R.Rep. No. 93–533, 93d Cong., 2nd Sess. 17 (1973), U.S.Code Cong. & Admin.News 1974, pp. 4639, 4655).

As the Eleventh Circuit noted in a different context under ERISA venue, if this Court were to accept defendant's strict construction of the ERISA venue statute, "the sword that Congress intended participants/beneficiaries to yield in asserting their rights could instead be turned against those whom it was designed to aid." *Gulf Life Ins. Co.*, 809 F.2d at 1525. Here, plaintiff worked for a company in Georgia and earned any rights he had under the plan in Georgia. His claim is precisely the type of claim that defendant could have expected to arise when it administered such a fund.

This Court will follow the *Varsic* court's reasoning that the term "found" should be broadly construed. The court has personal jurisdiction over a plan administrator when an employee covered by the plan performs his work and earns his pension credit in the district. The Court, therefore, finds that venue is proper in this district. Accordingly, the Court holds that venue is proper and denies defendant's motion to dismiss for lack of venue.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's motion to amend his complaint [# 10–1] and denies defendant's motion to dismiss for lack of venue.

SO ORDERED.