Janice M. KEATING, Plaintiff,

v.

THE WHITMORE MANUFACTURING COMPANY, et al., Defendants.

No. CIV. A. 97–CV–4463.

United States District Court, E.D. Pennsylvania.

Oct. 14, 1997.

, Michael P. McIntyre, Allentown, PA, for Plaintiff.

Jay E. Mintzer, Philadelphia, PA, for Defendant.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

### I. INTRODUCTION

The purpose of this Opinion and Order is to consider Defendants' Motion to Dismiss or in the Alternative Transfer Plaintiff's Suit for Improper Venue. Defendants have submitted this motion pursuant with Fed.R.Civ.P. 12(b)(3) to dismiss the Plaintiff's suit in accordance with 28 U.S.C. § 1406(a).

Plaintiff has filed this case asking us to order the Defendants [1] to pay her husband's full death benefits under her husband's ERISA benefit plan. She claims that Defendants have breached the agreement by only paying her benefits under Section 2.4(A) of the plan (which applies when the employee dies after his employment is terminated), as opposed to paying her benefits under Section 2.4(B) of the plan (which applies when the employee dies while he is still employed with the company).

Plaintiff's husband, Mr. Keating, was employed by the Whitmore Company as a sales representative between 1988 and 1996. During that time he lived and maintained an office in Lehigh County, Pa. His company helped him keep the office in Lehigh by supplying him both a computer and a fax machine. Mr. Keating serviced Whitmore's clients in Pennsylvania, as well as throughout the northeast. Mr. Keating passed away on March 8, 1996. A dispute exists between the Plaintiff and the Defendants as to whether Mr. Keating was still employed by Whitmore Manufacturing when he died. Plaintiff claims that she is entitled to the death benefits that are due when an employee of the company passes on. Defendants claim that Mrs. Keating is only entitled to the death benefits that are due when a former employee passes away.

Plaintiff is suing the defendants for breach of contract, violation of ERISA, breach of fiduciary duty, declaratory relief under ERISA for misrepresentation of the plan, and declaratory relief under ERISA for failing to provide coverage to the decedent. Defendants claim that this court should not entertain this suit because venue does not lie in the Eastern District of Pennsylvania. We disagree.

### II. DISCUSSION

#### A. Framework for Determining Venue Under ERISA

The determination of venue in ERISA cases is governed by 29 U.S.C. § 1132(e)(2):

> When an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

The Third Circuit has provided no guidance as to where, exactly, a plan is administered, a breach takes place, or a defendant resides or may be found. Indeed, there is little federal case law interpreting § 1132(e)(2).

To aid us in our interpretation of this statute, we must look to the policy underlying ERISA. Congress has stated that

> It is hereby declared to be the policy of this Act to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries ... by providing for appropriate remedies, sanctions, *and ready access to the Federal Courts.*

29 U.S.C. § 1001(b) (emphasis added).

Furthermore, the House Committee on Education and Labor, reporting on the ERISA draft legislation stated:

---

**1.** The defendants in this action include: The Whitmore Manufacturing Company, Capital Southwest Corporation, Retirement Plan for Employees of Capital Southwest Corporation and its Affiliates, Retirement Plan Committee of the Retirement Plan for Employees of Capital South- west Corporation and its Affiliates, and William R. Thomas, Chairman of the Retirement Plan Committee of the Retirement Plan for Employees of Capital Southwest Corporation and its Affiliates.

The enforcement provisions have been designed specifically to provide both the Secretary and beneficiaries with broad remedies for redressing or preventing violations of the Act. The intent of the Committee is to provide the full range of legal and equitable remedies available in both state and federal courts and *to remove jurisdictional procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants.*

H.R.Rep. No. 93–533, 93rd Cong., 1st Sess. 17 (1973), reprinted in 1974 U.S.Code Cong. & Admin. News p. 4639, 4655 (emphasis added).

■ "[T]he remedies available under ERISA are 'responsive to the policy of ready access to Federal Courts[.]' " *Turner v. CF & I Steel Corp. and Non–Contributory Pension Plan of CF & I Steel Corporation and the Pension Plan of CF & I Steel Corporation,* 510 F.Supp. 537, 542 (E.D.Pa.1981), quoting *Lewis v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 431 F.Supp. 271, 274 (E.D.Pa.1977). Indeed, "[a] potential ERISA plaintiff is granted a wide choice of Federal court venue[.]" *Bonin v. American Airlines. Inc.,* 621 F.2d 635, 636 n. 1 (5th Cir.1980). Thus, "the issue of venue must be approached with the broad Congressional policy favoring free access to federal courts in mind." *Turner,* 510 F.Supp. at 542.

■ In determining whether venue exits in the instant case, we are further guided by the general proposition that "[t]here is a strong presumption in favor of the plaintiff's choice of forum when that forum is the plaintiff's, home." *DiMark Marketing, Inc. v. Louisiana Health Service and Indemnity Company,* 913 F.Supp. 402, 408 (E.D.Pa. 1996). Taking into account both Congress's policy favoring free access to the federal courts and the presumption in favor of venue when the forum is the plaintiff's home, we find that venue is proper in the Eastern District of Pennsylvania because the ERISA plan was allegedly breached in this District.

### B. The Breach of the Plan Took Place in this District

The Third Circuit has provided no guidance for deciding where a breach of an ERISA plan takes place. The only case that we could find in this district discussing the issue has held that a breach takes place where the defendant makes the decision not to honor the plan's benefits, and not where the Plaintiff receives the benefits. *See Turner, 510 F.Supp. at 541.* Turner stated that the plaintiffs contended, "without citation of authority," that the breach took place in Pennsylvania, where the plaintiffs received their pension checks. The court, recognizing that case law on the subject is scant, followed the lead of *Boyer v. J.A. Majors Company Employees' Profit Sharing Plan,* 481 F.Supp. 454 (N.D.Ga.1979), which held that a breach takes place in the district where the trustee stops payment on the plaintiff's check. The *Turner* court, however, did not give any reasons for following *Boyer;* it just seemed to follow the lead of the one court that had decided the issue. We should also note that the holding in *Turner* regarding where a breach takes place was merely dictum since the court decided that venue did in fact lie in tie Eastern District of Pennsylvania because the defendant could be found there. *See Turner,* 510 F.Supp. at 542–43.

Since *Turner,* additional courts have considered the issue of where a breach of an ERISA plan takes place. Time after time, courts have found that a breach that results from plaintiffs being denied benefits occurs where the benefits are to be received by the original pension holder. *See e.g., The Brown Schools, Inc. v. Florida Power Corporation,* 806 F.Supp. 146, 151 (W.D.Tx.1992); *McFarland v. Yegen,* 699 F.Supp. 10, 12–13 (D.N.H. 1988); *Wallace v. American Petrofina, Inc.,* 659 F.Supp. 829, 832 (E.D.Tx.1987); *Bostic v. Ohio River Company* (Ohio Division) *Basic Pension Plan,* 517 F.Supp. 627, 635–36 (S.D.W.Va.1981).

We find the reasoning behind the above cases to be persuasive. Courts, when analyzing where a breach of an ERISA plan has taken place, have analogized a breach of an ERISA plan to a breach of a contract, and have turned to contract law to decide where

a breach takes place. *See Wallace,* 659 F.Supp. at 832. Thus,

> [i]t appears that the majority view on the subject of "where the breach took place" in contract actions is as follows:

> [T]he place where a cause of action where breach of contract arises is generally—almost universally—the place where the contract is to be performed. The reason why the breach of contract is generally the place of its performance is that unless the place of performance is waived or performance is anticipated, it is only at such place that there is a breach or that it can be determined whether there is a breach.... Therefore, adopting this "majority view" on the subject as federal common law, it is the finding of this court that venue for this action is proper [where the benefits were to be received].

*Id., quoting Bostic,* 517 F.Supp. at 636 (internal citations omitted)

Indeed, ERISA benefit plans are, in a very real sense, contracts. Thus, it is logical that we follow the rules of contract law when deciding where a breach of an ERISA plan takes place, at, least when the plaintiff is suing for benefits due under the terms of the plan. The Defendants in this case recognize that the Plaintiff is "suing for benefits due under the terms of the Plan." *Brief in Support of Defendants' Motion to Dismiss or in the Alternative Transfer Plaintiff's Suit for Improper Venue* at 5. Thus, examining the Plaintiff's choice of venue in light of both ERISA's policy in favor of free access to the federal courts and the presumption in favor of the plaintiff's choice of forum when that forum is her home, we hold that the alleged breach in this case took place where the Plaintiff was to receive her benefits. Venue is therefore proper in this District under the second prong of § 1132(e)(2).[2]

### III. CONCLUSION

Examining Defendants' venue claims in light of ERISA's broad policy favoring free access to federal courts, we find that the

Defendants' alleged breach occurred in the Eastern District of Pennsylvania. Venue in this court is therefore proper and the Defendants' motion to dismiss this case for lack of venue is denied.

An appropriate order follows.

### *ORDER*

AND NOW, this 14th day of October, 1997, upon consideration of Defendants' September 22, 1997 Motion to Dismiss or in the Alternative Transfer Plaintiff's Suit for Improper Venue and Plaintiff's October 3, 1997 response thereto, it is hereby ordered that the Defendants' motion is **DENIED.**

---

**2.** Of the three possible grounds for bringing action in this District, the first, where the plan is administered can be eliminated immediately. Plaintiff agrees that the plan is administered in Texas, not the Eastern District of Pennsylvania. Therefore, both parties agree that venue does not attach under this portion of § 1132(e)(2). We need not consider whether venue lies under the last ground set out in the statute (whether a defendant can be found in the District) since we have already determined that venue is proper in this District because the alleged breach occurred here.