Murray SPRINZEN, Alex DeLaurentis, Michael Sackman, Jack Levy, Wallace Friedman and Sheldon Katz as Trustees of 1115 Prepaid Legal Service Care a/k/a 1115 Legal Service Care and 1115 Prepaid Legal Service Care a/k/a 1115 Legal Service Care, Plaintiffs,

v.

The SUPREME COURT OF the STATE OF NEW JERSEY, Arthur J. Simpson, Jr., Acting Administrative Director of the New Jersey State Courts and Colette A. Coolbaugh, Chief, Central Ethics and Division of Ethics and Professional Services, Administrative Office of the Courts, Defendants.

No. 79 Civ. 269 (CES).

United States District Court, S. D. New York.

Sept. 26, 1979.

Charles R. Katz, New York City, for plaintiffs.

John J. Degnan, Atty. Gen. of State of N. J., Trenton, N. J., for defendants; Richard M. Hluchan, Trenton, N. J., of counsel.

MEMORANDUM DECISION

STEWART, District Judge:

Plaintiff 1115 Prepaid Legal Service Care ("Legal Service"), the product of collective bargaining agreements between Local 1115 Joint Board ("Union") and employers in both New York and New Jersey, (Com-

plaint ¶ 9) is responsible for a jointly administered labor-management trust fund established to provide prepaid legal services for employees for whom the Union is the collective bargaining agent. (Complaint ¶ 10.) The individual plaintiffs are the trustees of Legal Service (Complaint ¶ 2). Plaintiffs seek declaratory and injunctive relief, claiming that their program is an "employee benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA") and that they are not bound by Disciplinary Rule DR2-103(D)(4)(e) and (g) promulgated by defendant New Jersey Supreme Court which requires the filing of annual reports with the State, because the Rule, as applied to them, is preempted by operation of § 514(a) of ERISA, 29 U.S.C. § 1144(a). Defendants, Supreme Court of the State of New Jersey, Arthur J. Simpson, acting administrator of the New Jersey state courts, and Colette A. Coolbaugh, Chief, Central Ethics and Division of Ethics and Professional Services, have moved "to dismiss the complaint for improper venue pursuant to 28 U.S.C. § 1406(a) or alternatively to transfer this matter to the District of New Jersey in the interests of justice." In ERISA actions venue is governed by Section 502(e)(2), 29 U.S.C. § 1132(e)(2) which provides:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

The sole issue before us is whether the plan is administered in the Southern District of New York. If not, it is agreed that there is no other basis for finding venue proper in this district.

The defendants have not submitted any affidavits in support of their motion but rely instead on the allegations contained in the complaint. Plaintiffs, in opposition to the motion, have submitted an affidavit by Murray Sprinzen, a trustee, which contains the following affirmations. First, the Declaration of Trust provides that it is to be construed according to New York law. Sprinzen affidavit p. 2. Second, that Legal Service's only office is in New York City. *Id.* at 3. All of the employees responsible for the program work in the New York City office. The Trustees meet only in the New York City office. All the documents and records are kept in the New York office. While the program uses an attorney in New Jersey it is claimed that he is not an employee but rather "an independent attorney maintaining his own law offices from which he provides legal services to participants." *Id.* at 4. Eligibility determinations, and appeals of those determinations, are handled in the New York City office. *Id.* The New York City office is identified as the place of administration in Legal Service's filings with the Department of Labor. *Id.* at 5. Finally, it is claimed that a majority of the employees who participate in the program are located in New York. *Id.* at 5–6.

■ Plaintiffs contend that in determining "where the plan is administered" we are to focus upon the plan, and that we should adopt the general definition of "administer" which is "to manage." Plaintiffs' Memorandum of Law at 22. Defendants contend that "where the plan is administered" is the "district where legal services are meted out or tendered to beneficiaries by the Fund." Defendants' Memorandum of Law at 8. Defendants' position is that in determining where a plan is administered we must focus upon the *beneficiaries* because the legislative history of § 502(a), 29 U.S.C. § 1132(a), which authorizes civil suits, indicates that such suits are to be brought only for their benefit. *Id.* at 5. Defendants, relying upon *Webster's Third New International Dictionary* (1968) at 27, define "administer" as " 'to mete out,' 'to give remedially' and 'to tender' as well as to 'manage', 'direct' or 'superintend the execution of.' " *Id.* at 8.

There are no reported cases dealing with this question. Looking at the plain, unambiguous meaning of "where the plan is administered", we find that plaintiffs' con-

struction of this clause is correct. The legislative history and the language used in other sections of the statute do not, contrary to defendants' contentions, require a different result. The legislative history of the venue section is one sentence long, simply tracking the language of § 502(e)(2), and is not helpful to our analysis, *see H. Conf. Report No. 93–1280,* 93d Cong. 2d Sess. reprinted in [1974] U.S.Code Cong. and Admin.News, p. 4639, at 5007. Nor do we think that the legislative history or the language of § 502(a)(3), the provision under which this suit is brought, precludes us from determining venue by focusing upon the "plan". Moreover, many of the beneficiaries are in New York. Finally, the language in § 502(k), 29 U.S.C. § 1132(k), that the venue of suits governed by that clause is "where the plan has its principal office" does not require us to rule here that "where a plan is administered" cannot be the same, in some cases, as where it has its principal office.

We find, in light of the Sprinzen affidavit, that the plan is administered in this district. Defendants' motion is denied in its entirety.

SO ORDERED.