Harles H. WALLACE

v.

AMERICAN PETROFINA, INCORPORATED.

Civ. A. No. B–85–1123–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

May 6, 1987.

M. Diane Dwight, Provost, Umphrey, McPherson & Swearingen, Port Arthur, Tex., for plaintiff.

Donald E. Godwin, James F. Guerra, Maxwell, Godwin & Carlton, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

### I.

Plaintiff, Harles H. Wallace, filed this action seeking recovery for violations of his rights under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq. In his second amended complaint, plaintiff alleges that during his 32–year employment with the defendant American Petrofina Company (Fina), he was a participant in the Amdel, Inc., Non-Contributory Retirement Plan (The Plan). Plaintiff charges that the defendant Fina, or in the alternative, the Retirement Committee, as the plan's adminis-

trator, failed to provide increased or additional pension benefits, and administered the plan in an arbitrary and capricious manner. Specifically, plaintiff contends that the defendant, in computing the plaintiff's retirement benefits, failed to take into consideration the plaintiff's salary for the last three years of employment, at which his hourly rate yielded the highest earnings figure "in effect."

The following motions are presently pending before the court:

(1) Defendant's motion to dismiss plaintiff's complaint because of improper venue; or in the alternative,

(2) Defendant's motion to transfer the case to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. § 1406(a).[1]

For the reasons set forth herein, defendant's motions are hereby DENIED.

### II.

With respect to the defendant's motion to dismiss based upon improper venue, 29 U.S.C. § 1132(e)(2), which governs venue for ERISA actions, states:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, or the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

It is apparent from the plain language of the statute and case law construing the statute, that the ERISA venue provisions provide for alternate permissible venue sites. *Varsic v. U.S. District Court, Central District California,* 607 F.2d 245 (9th Cir.1979). Therefore, unless the defendant's plan "is administered," or "the breach took place," or "the defendant resides or may be found" in the Eastern District of

---

1. 29 U.S.C. § 1406(a) provides: The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Texas, then venue for the present action is not proper herein.

In determining whether venue is proper in the Eastern District, the court must bear in mind that the ERISA venue provisions have been motivated by a liberal congressional purpose, and must be construed accordingly. *Varsic,* 607 F.2d at 248. In this respect, one court has noted that "Congress intended to open the federal forums to ERISA claims to the fullest extent possible." *Fulk v. Bagley,* 88 F.R.D. 153, 167 (M.D.N.C.1980). This intent appears to be the exception to the rule that "in most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Bostic v. Ohio River Co.,* 517 F.Supp. 627, 631 (S.D.W.Va.1981); *see, Leroy v. Great Western United Corp.,* 443 U.S. 173, 183–184, 99 S.Ct. 2710, 2716–17, 61 L.Ed.2d 464 (1979). With this liberal intent in mind, the court turns to the language of § 1132(e)(2) to determine whether venue is proper in the Eastern District of Texas.

## III.

## THE DISTRICT WHERE THE PLAN IS ADMINISTERED

■ In determining where the plan is administered, courts have adopted the general definition of the word "administer" and have concluded from the legislative history of § 1132(e)(2) that the plain meaning of "administer" means "to manage." *Sprinzen v. Supreme Court of the State of New Jersey,* 478 F.Supp. 722 (S.D.N.Y. 1979); *Boyer v. J.A. Majors Co. Employees' Profit Sharing Plan,* 481 F.Supp. 454 (N.D.Ga.1979). Thus, the court must look to the place where the plan is managed to determine where proper venue lies in the present case.

The defendant asserts that the district of proper venue is the Northern District of Texas, since the plan is administered and managed exclusively there. Specifically, the defendant contends that the Retirement Committee maintains its offices in Dallas, Texas, which is within the Northern District, that the bulk of the retirement committee's records are located there, and that all decisions concerning the plan's administration, including decisions concerning payment/denial of benefits, are made in Dallas. In response, the plaintiff contends that Fina employees in Port Arthur, Texas, within the Eastern District of Texas, make the initial decisions as to the amount of benefits to be paid to respective retirees. Thus, plaintiff alleges that the plan is managed, at least in part, at the Fina facilities in Port Arthur, Texas.

It is undisputed that a pension plan may be administered in more than one district. *Bostic,* 517 F.Supp. at 632. Given the factual setting in the present case, i.e., that management decisions have been made in both Dallas and Port Arthur, the court is unwilling to find that the plan is administered solely in the Northern District. Therefore, were this the only basis for the defendant's motion, transfer would not be ordered since venue could lie in either district.

## IV.

## THE DISTRICT WHERE A DEFENDANT RESIDES OR MAY BE FOUND

Venue under ERISA may also be maintained in any judicial district where a defendant "may be found." In construing the venue provisions under § 1132(e)(2), the 9th Circuit has determined that a defendant may be found wherever personal jurisdiction is properly exercised over the defendant. *Varsic,* 607 F.2d at 250. In this respect, personal jurisdiction is dependent upon the "minimum contacts" test for personal jurisdiction as set forth in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945). In *Varsic,* the retirement fund was held to have satisfied the "minimum contacts" test where the fund participated with the union in a given forum, and undertook a fiduciary duty by receiving contributions from and making payments within the plaintiff's chosen forum. *Ballinger v. Perkins,* 515 F.Supp. 673 (W.D.Va.1981).

Other courts construing § 1132(e)(2) have chosen to follow the rule enunciated in *Varsic*. In a case similar to *Varsic*, the court in *Ballinger* concluded that if the administrators of a pension plan made payments within the plaintiff's forum, gave credits for pension service within the forum, and participated with the union within the forum, venue was proper in that forum. In this respect, the court stated:

> This court is of the opinion that like the *Varsic* case, where the fund involved here participated with the Teamsters' Local in Roanoke, and received the plaintiff's contributions from him in Roanoke, and its denial of benefits had an effect in this venue where the plaintiff resides, then the defendants have minimum contacts with the Western District of Virginia, and may be "found" in this venue.

■ As did the court in *Bostic*, this court chooses to adopt the *Varsic* opinion and its standard for determining the proper situs of venue in ERISA actions. Thus, inquiry must be made in the present case into whether *in personam* jurisdiction has been properly asserted over the defendant. In the original answer, the defendant admitted that jurisdiction was properly exercised over it in the Eastern District of Texas. Further, plaintiff was employed in the Eastern District, contributions were sent to the defendant from the Eastern District, plaintiff received his pension check in the Eastern District, and the decision to cut back plaintiff's pension benefits had an effect within the Eastern District. Therefore, the defendant can be "found" in the Eastern District and venue is proper herein. Thus, on this ground alone, defendant's motion based upon improper venue is hereby denied, since plaintiff has established proper venue under this subsection of § 1132(e)(2).

## V.

## THE DISTRICT WHERE THE BREACH TOOK PLACE

■ Having found adequate grounds to deny defendant's motion, it may not be necessary to determine whether the Eastern District is the district where the breach occurred. However, this court also holds that venue is proper in the Eastern District, since the breach of the plan occurred herein.

Courts construing the phrase "where the breach took place" have analogized the breach in an ERISA action to a breach of contract, and have turned to contract law to determine where a breach takes place. In this respect, the court in *Bostic* stated:

> It appears that the majority view on the subject of "where the breach took place" in contract actions is as follows:
>
> > [T]he place where a cause of action where breach of contract arises is generally—almost universally—the place where the contract is to be performed. The reason why the breach of contract is generally the place of its performance is that unless the place of performance is waived or performance is anticipated, it is only at such place that there is a breach or that it can be determined whether there is a breach. (citations omitted).
>
> While there may be some confusion over what, precisely, is meant in the above excerpt by the phrase "the place of performance," read in context, it is clear that it is *the place where the recipient of benefit under the contract actually acquires his due*. In the instant case, for example, it would be *the place where pension benefits are received*, which is plaintiff's residence within the Southern District of West Virginia ... Therefore, adopting this "majority view" on the subject as federal common law, it is the finding of the court that venue for this action is proper in the Southern District of West Virginia inasmuch as plaintiff has included a breach of plan agreement claim in his claim. (emphasis added)

Thus, the place of performance rule as followed in *Bostic* indicates that venue appropriately lies in the Eastern District since it is the district where the plaintiff's pension benefits were received. Thus, the breach took place in this district. Therefore, since venue is proper in the district herein, 28 U.S.C. § 1406(a) is rendered inapplicable and defendant's motion to dis-

miss or to transfer based upon improper venue is hereby denied.