## UNIVERSITY OF MASSACHUSETTS MEDICAL CENTER, Plaintiff,

v.

## C & M CORPORATION, Defendant.

### Civil Action No. 98–40020–NMG.

United States District Court,
D. Massachusetts.

Aug. 10, 1998.

Peter V. Kent, Law Offices of Peter V. Kent, Peabody, MA, for Plaintiff.

Morris A. Bergman, Lane, Greene & Murtha, Worcester, MA, for Defendant.

C & M Corp., Wauregan, CT, pro se.

## MEMORANDUM & ORDER

GORTON, District Judge.

On July 22, 1995, James E. Scholder sustained injuries in an automobile accident in Massachusetts for which he was treated by the plaintiff, University of Massachusetts Medical Center ("UMMC"), a hospital located in Worcester, Massachusetts. Scholder was employed by the defendant, C & M Corporation ("C & M"), which maintained a self-funded employee health benefit plan under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). As a result of C & M's failure to pay for Scholder's treatment, UMMC brought this action pursuant to 29 U.S.C. § 1132 and M.G.L. c. 93A. Pending before this Court is C & M's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction.

### A. *The Relevant Facts*

C & M is a Connecticut corporation that conducts business primarily in Connecticut. Its only contact with Massachusetts is through a single employee who is assigned to represent the company in a large New England territory that includes Massachusetts. C & M does not derive substantial revenue from goods sold in Massachusetts.

James Scholder was an employee of C & M who resided in Connecticut. C & M provided him health insurance through a self-funded health plan administered by a third party. At the time of his accident, Scholder was not acting within the scope of his employment for C & M.

### B. *The Legal Standard*

■ The First Circuit Court of Appeals has held that, where a district court's subject matter jurisdiction is founded upon a federal question, the limits of the court's personal jurisdiction are fixed by the Due Process Clause of the Fifth Amendment which requires "minimum contacts" with the United States rather than with a particular forum state. *United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992); *Lorelei Corp. v. County of Guadalupe*, 940 F.2d 717, 719 (1st Cir.1991). Furthermore, sufficient contacts exist whenever the defendant is served within the sovereign territory of the United States pursuant to a federal statute or civil rule. *See United Electrical*, 960 F.2d at 1085-86; *Lorelei*, 940 F.2d at 719.

■ In this case, ERISA provides for nationwide service of process, and Fed.R.Civ.P. 4(k)(1)(D) constitutes the mechanism for exercising such extraterritorial service.[1] By virtue of the fact that C & M was lawfully served within the United States pursuant to a federal statute, under the law of this circuit, this Court has personal jurisdiction over C & M. *See United Electrical,* 960 F.2d at 1085–86.

This Court, nevertheless, notes the anomalous consequence of interpreting defendants' rights to Due Process under the Constitution as coextensive with Congress' statutory provision for service of process. In this case, by virtue of its self-funded health benefits plan, a local employer with no control over its employees' travels is subjected to the jurisdiction of a remote court in the United States located where its employee happens to require medical treatment. *See Bellaire General Hospital v. Blue Cross Blue Shield of Michigan,* 97 F.3d 822, 826 (5th Cir.1996) ("We fail to apprehend how personal jurisdiction can be separated from due process by Congressional enactment of nationwide service of process provisions."); *Willingway Hosp., Inc. v. Blue Cross & Blue Shield of Ohio,* 870 F.Supp. 1102, 1104–08 (S.D.Ga. 1994) (discussing the relationship between nationwide service of process and Due Process under Fifth Amendment and criticizing "automatic" personal jurisdiction whenever proper notice is given).

### ORDER

For the foregoing reasons, C & M's motion to dismiss for lack of personal jurisdiction (Docket No. 4) is **DENIED.**

So ordered.

---

1. 29 U.S.C. 1132(e)(2) provides in full:
   Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.